IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GLEN EDWARD THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-CV-381-ECM-KFP |
| | ) (WO) |
| CHRIS WATSON, et al., | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action filed by Glen Edward Thomas, an indigent county inmate when he initiated this case, challenges the constitutionality of his arrest on May 3, 2019, and the force used against him during the arrest. Doc. 1 at 2–4; Doc. 5 at 1. He seeks a declaratory judgment, injunctive relief, and monetary compensation. Doc. 1 at 5.

Defendants filed special reports, a supplemental special report, and relevant evidentiary materials, including the warrant for Thomas' arrest. Docs. 27, 30, and 34. Defendants deny violating Plaintiff's constitutional rights with respect to the validity of his arrest or the force used in effectuating the arrest, maintaining that only force necessary to obtain and maintain control of Plaintiff was used. The Court ordered Thomas to file a response to Defendants' filings by November 20, 2019, advised that a failure to respond would be treated as an abandonment of his claims and a failure to prosecute, and warned that the undersigned would recommend dismissal if he failed to comply. Doc. 35. Plaintiff failed to file a response by the Court's deadline. Accordingly, the undersigned concludes

this case should be dismissed. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, when litigant has been forewarned, dismissal for failure to obey court order is generally not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). Plaintiff is indigent, so imposition of monetary or other punitive sanctions would be ineffectual. Additionally, his inaction in the face of Defendants' reports and the Court's Order suggests a loss of interest in prosecution of his case, and it appears that additional efforts to secure Plaintiff's compliance would be unavailing and a waste of scarce judicial resources. Consequently, dismissal is appropriate.

For the above reasons, the undersigned RECOMMENDS that this case be dismissed without prejudice.

It is ORDERED that the parties file any objections to this Recommendation by **October 6, 2020**. A party must specifically identify the factual findings and legal conclusions to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 22nd day of September, 2020.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE